UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LEARTIS J. JOHNSON,**

    **Plaintiff,**

v.                                                                                      Case No: 8:06-CV-1876-T-EAJ

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## ORDER

Before the court is **Defendant's Motion to Dismiss Plaintiff's Complaint** (Dkt. 11), filed January 5, 2007. Also before the court is Plaintiff's **Motion for Default Judgment** (Dkt. 13), filed January 12, 2007, and Defendant's **Response in Opposition** (Dkt. 15), filed January 25, 2007.[1] Plaintiff has not filed a response to Defendant's motion to dismiss, and the period for responding has elapsed. See Local Rule 3.01(b), M.D. Fla.

The Commissioner of Social Security ("Commissioner") moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction on the grounds that Plaintiff has failed to exhaust administrative appeal remedies with respect to the Commissioner's denial of Plaintiff's claim for benefits under the Social Security Act (the "Act"). Plaintiff's complaint seeks judicial review of the Commissioner's denial of Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") (Dkt. 1). Title 42, United States Code, Section 405(g) gives the federal courts jurisdiction to review claims brought pursuant to the Act. 42 U.S.C. § 405(g) (2003). The two jurisdictional

---

[1] The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 (Dkt. 14).

prerequisites a claimant must satisfy to obtain judicial review of an agency decision are: (1) the individual must have filed a claim for benefits; and (2) the claimant must have exhausted his or her administrative remedies with respect to that claim. Crayton v. Callahan, 120 F.3d 1217, 1220 (11th Cir. 1997) (citation omitted). Accordingly, a claimant "must have completed each of the steps of the administrative review process unless exhaustion has been waived." Id.

Section 405(g) specifies that a claim is ripe for judicial review only after the Commissioner issues a "final decision . . . made after a hearing." 42 U.S.C. § 405(g); see also Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (stating that one of the three requirements for judicial review under Section 405(g) is a final decision of the [Commissioner] made after a hearing). The Social Security regulations provide that a claimant must complete a four-step administrative review process to obtain a "final decision." Schweiker v. Chilicky, 487 U.S. 412, 424 (1988); see also 20 C.F.R. § 404.900(a). Under the regulations, remedies are exhausted when the claimant receives either (1) a decision by the Appeals Council, or (2) notice from the Appeals Council denying the claimant's request for review. See Schweiker, 487 U.S. at 424; 20 C.F.R. §§ 404.967, 404.981.

In this case, Plaintiff was pursuing, but had not exhausted, his administrative remedies with respect to the Commissioner's denial of his DIB and SSI claims when Plaintiff brought this action. The declaration of Patrick J. Herbst, Chief of Court Case Preparation and Review Branch IV of the Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, attached by the Commissioner in support of the motion, states that Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ") on December 15, 2004 (Dkt. 11, Attach. 2). According to the Herbst Declaration, the ALJ issued an unfavorable decision dated November 21, 2006 (Id.). Plaintiff filed the complaint in this case on October 12, 2006 (Dkt. 1). Therefore, at the time Plaintiff filed the complaint, Plaintiff had not exhausted his administrative

remedies under the Act. Similarly, there is no indication that the Appeals Council has since acted on any request by Plaintiff for a review of the ALJ's decision. Therefore, the Commissioner's decision is not ripe for judicial review under the Act.[2]

Regarding Plaintiff's motion for default judgment (Dkt. 13), the motion is rendered moot by the dismissal of the action for lack of subject matter jurisdiction. Notwithstanding, the motion for default judgment is without merit because the Commissioner's motion to dismiss was timely filed in accordance with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 6(a) and (e).

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED**:

(1) Defendant's motion to dismiss (Dkt. 11) is **GRANTED** without prejudice to Plaintiff to re-file once the statutory prerequisites necessary for judicial review have been met.

(2) Plaintiff's motion for default judgment (Dkt. 13) is **DENIED AS MOOT**.

(3) The Clerk is directed to close the file and terminate all pending motions.

**DONE AND ORDERED** at Tampa, Florida this 8th day of February, 2007.

ELIZABETH A. JENKINS
United States Magistrate Judge

---

[2] Additionally, there is no indication that exhaustion has been waived in this case. A plaintiff must establish three elements for waiver to be applicable: (1) that the issues are entirely collateral to the claim for benefits; (2) that failure to waive would cause irreparable injury; and (3) that exhaustion would be futile. Crayton, 120 F.3d at 1220 (citation omitted). Plaintiff has not responded to the Commissioner's motion to dismiss and has therefore failed to establish that waiver is appropriate here.